IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HENRY B. WOODFOLK, JR., ) | |
| ) | Civil Action No. 7:22cv00522 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CENTRAL VIRGINIA REGIONAL ) | |
| JAIL AUTHORITY, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Henry B. Woodfolk, Jr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 against several defendants, including Officer Albright.[1] Woodfolk was granted leave to proceed *in forma pauperis* with this action. (*See* ECF No. 13.) Having reviewed Woodfolk's amended complaint, the court concludes that his allegations fail to state a cognizable federal claim against Officer Albright. Therefore, the court will dismiss Woodfolk's amended complaint against Albright without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

After the court advised him that his original complaint failed to state a cognizable claim against the defendants, Woodfolk filed an amended complaint. (*See* ECF Nos. 11 & 12). In his amended complaint, Woodfolk alleges that defendants failed to protect him from being assaulted by another inmate and failed to provide him with adequate medical treatment after

---

[1] The other defendants have filed a motion to dismiss that will be addressed separately. (*See* ECF No. 23.) Service was never accomplished on Officer Albright. (*See* ECF No. 22.)

that alleged assault. As to Officer Albright, Woodfolk alleges only that he "failed to provide sufficient supervision before and during the assault." (Am. Compl. at 3 [ECF No. 12].)

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). To establish personal liability in a § 1983 action, the plaintiff must show "'that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Cook v. James*, 100 F. App'x 178, 180 (4th Cir. 2004) (citing *Wright*, 766 F.2d at 850)). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Rather, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Bare

allegations devoid of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> To state a viable claim for supervisory liability under § 1983, a plaintiff must show:
>
>> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"[;] and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799.

Despite having the opportunity to amend his complaint, Woodfolk still fails to allege sufficient facts against Officer Albright establishing a cognizable § 1983 claim. Woodfolk asserts that Albright failed to provide sufficient supervision before and during the assault, but he does not allege who Albright should have been supervising, let alone that Albright had actual or constructive knowledge that any subordinate was engaged in conduct that posed a risk to Woodfolk's safety; that Albright's response to any knowledge of the alleged violent conduct demonstrated deliberate indifference or tacit authorization of that conduct; or that there was any link between Albright's alleged failure to supervise and the alleged violations of Woodfolk's constitutional rights. In sum, Woodfolk's allegations are far too conclusory to state a viable claim against Officer Albright, and he has not plausibly established that Officer Albright was in any way involved in violating his federally protected rights. Accordingly, the court will dismiss the claim against Officer Albright without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 11th day of May, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE